**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1240
_____

EDWIN LEON,
                              Appellant
v.

NEHAMA HANOCH;
CHEYENNE GOODMAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cv-01060)
District Judge: Hon. Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 14, 2025
_____

Before: SHWARTZ, MATEY, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed February 19, 2026)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge.*

Edwin Leon appeals the dismissal of his claims against Nehama Hanoch and Cheyenne Goodman. Finding no error, we will affirm.[1]

Leon, Hanoch, and Goodman were employed by a law firm. A tumultuous relationship among the three followed culminating in Leon having separate interpersonal incidents with Hanoch and Goodman. Leon alleges that Goodman and Hanoch misinformed other firm employees about those incidents, resulting in Leon's suspension. Goodman also filed a police report against Leon and obtained a protection from abuse order against Leon in Delaware state court. In granting that petition, the Delaware court found that Leon physically and verbally threatened and abused Goodman.

Leon then filed this lawsuit against Goodman and Hanoch alleging intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, defamation, assault, and slander. The District Court granted Goodman and

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review of the District Court's dismissal" of the complaint, *Phila. Taxi Ass'n, Inc. v. Uber Techs., Inc.*, 886 F.3d 332, 338 (3d Cir. 2018), and we apply the same standard as the District Court, *see Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A)*, 768 F.3d 284, 290-91 (3d Cir. 2014). Therefore, we must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint …." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Hanoch's[2] motions to dismiss, concluding, in relevant part, that the Delaware court's factual findings precluded Leon's claims.[3]

We agree because "[w]hen a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). As a result, the "doctrine of issue preclusion ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior" state-court judgment. *Bravo-Fernandez v. United States*, 580 U.S. 5, 10 (2016). And, as the District Court properly held, "state court decisions [must] be given the same preclusive effect in federal court they would be given in the courts of the rendering state." *Del. River Port Auth. v. Fraternal Ord. of Police*, 290 F.3d 567, 573 (3d Cir. 2002).

Leon's arguments challenging the preclusive effect of the Delaware decision are unpersuasive. Leon's argument that the "issue of defamation and the additional torts was not decided" in the Delaware action confuses issue preclusion and claim preclusion. Opening Br. 16 (emphasis omitted). "The doctrine of claim preclusion instructs that a final judgment on the merits 'foreclos[es] successive litigation of the very same claim.'" *Bravo-Fernandez*, 580 U.S. at 9 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Issue preclusion, by contrast, "bars relitigation of an issue of fact or law." *Id.* at 10. The District Court did not hold that the Delaware commissioner adjudicated Leon's

---

[2] Leon's assault claim against Hanoch survived Hanoch's motion to dismiss.
[3] The District Court granted summary judgment for Hanoch on Leon's assault claim, and, as Leon has not raised that decision in his briefing on appeal, the issue is waived. *See Norman v. Elkin*, 860 F.3d 111, 129 (3d Cir. 2017).

3

claims; it held that the Delaware commissioner adjudicated issues of fact arising from the incidents between Leon and Goodman. Because Leon's defamation and slander claims are based on statements about events that the Delaware commissioner found to constitute acts of abuse by Leon toward Goodman, they cannot serve as a basis for those claims, as a true statement cannot be defamatory. *See Pelagatti v. Cohen*, 536 A.2d 1337, 1345-46 (Pa. Super. Ct. 1987). And Leon's alternative argument that some issues against Goodman were not precluded was never adequately raised before the District Court, and so not properly argued on appeal. *See Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002). At best, Leon alluded to these other events, but a "casual mention" of a fact in a brief "is cursory treatment insufficient to preserve the issue on appeal." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Finally, any non-precluded allegations against Hanoch are insufficient to state a claim for defamation because they turn on "her feelings that she did not want to be friends with someone like [Leon] who treated her friend, [] Goodman, poorly," App. 35, and an "opinion without more does not create a cause of action" for defamation, *Baker v. Lafayette Coll.*, 532 A.2d 399, 402 (Pa. 1987).

\* \* \*

For these reasons, we will affirm the District Court's judgment.

4